UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: Christopher Steven Cardinal, *Plaintiff*, | ) | CASE NO. 3:26-CV-00209 (KAD) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | November 10, 2026 |
| U.S. Bank Trust National Association | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge:

Currently before the Court is the appeal of *pro se* debtor Christopher Steven Cardinal ("Appellant") from an order of the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court"), granting U.S. Bank Trust National Association, as owner trustee for RCF 2 EBO Trust ("U.S. Bank" or "Appellee"), relief from the automatic stay and *in rem* relief pursuant to 11 U.S.C. § 362(d)(1), (d)(2), and (d)(4) with respect to real property located at 14 East Hayestown Road, Danbury, Connecticut (the "Property").[1]

Appellant contends that the Bankruptcy Court erred in granting relief without first requiring U.S. Bank to establish its standing as a party in interest with enforceable rights in the underlying note and mortgage. He also contends that the record did not support the entry of extraordinary *in rem* relief under 11 U.S.C. § 362(d)(4), and that the Bankruptcy Court improperly relied on the parties' "litigation history" rather than present proof. For the reasons set forth below, the order of the Bankruptcy Court is **AFFIRMED.**

[1] Although the Chapter 7 petition was filed jointly by Appellant and Jessica Marie Cardinal, only Appellant filed a notice of appeal. Notice of Appeal, ECF No. 1.

**Background**

The Court summarizes the uncontested facts and procedural history, reserving certain details for later discussion, as set forth in the Appellee's underlying Motion for *In Rem* Relief, Appx., ECF No. 17-1, at 3–7, and as apparent on the Superior Court docket.[2, 3] The Property secures a promissory note dated February 1, 2008, in the original principal amount of $319,880.00, executed by Appellant and Jessica Van Womer (now Jessica Marie Cardinal, "Joint Debtor") (collectively "Borrowers"). Appx. at 3. To secure the note, Borrowers executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA), encumbering the Property. *Id.* at 4.

On October 7, 2009, HSBC Bank commenced a foreclosure action concerning the Property in the Connecticut Superior Court. *HSBC Bank USA, N.A. v. Cardinal*, No. DBD-CV09-6001606-S (Conn. Super. Ct.). *Id.* at 5. After extensive litigation, the state court entered a judgment of strict foreclosure in favor of the foreclosing plaintiff on January 9, 2017. *Id.* In February 2023, U.S. Bank sought to be substituted as party plaintiff, Borrowers objected, and the judge overruled the objection and granted the motion to substitute after hearing oral argument. *See* Dkt. Entries 351.00, 351.01, 351.02, 352.00, 352.01, Appx. 53–54. On April 17, 2023, the judgment was

---

[2] Although this history is not detailed by the Bankruptcy Court in the order that is the subject of this appeal, the Bankruptcy Court was clearly aware of this history and both parties agree that this history was a primary focus at oral argument on the motion for *in rem* relief. *See* Appx. At 64–65; Appellant Br., ECF No. 14, at 5–6; Appellee Br., ECF No. 17, at 1–2.

[3] The docket of the state foreclosure action, DBD-CV09-6001606-S, is included in the record appendix in this action. Appx. at 40–63. The Court may also take judicial notice of the state court foreclosure action and the filings therein. *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998). Accordingly, to the extent necessary, the Court takes judicial notice of the filings and orders in that action "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id.* (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

opened and modified as a result of the substitution. Dkt. Entry 356.01, Appx. 54. Borrowers thereafter moved for reargument, which the judge denied. Dkt Entries 359.00, 360.00, 360.01.

The foreclosure action was twice interrupted and stalled by prior bankruptcy filings affecting the Property as well as multiple appeals to the Connecticut Appellate Court. Prior to the commencement of the instant bankruptcy case, the Joint Debtor and Appellant had each filed a prior bankruptcy case that stayed the foreclosure action, respectively Case No. 10-50720 and Case No. 17-50853. As the Bankruptcy Court found, the foreclosure action has been pending since 2009, the Appellant has not made a payment on the note since 2009, and the Appellant has no equity in the Property. Appx. at 64.

On October 3, 2025, Appellant and Joint Debtor, both proceeding *pro se*, filed a voluntary petition under Chapter 7 of the Bankruptcy Code, commencing Case No. 25-50760. On December 4, 2025, U.S. Bank moved for relief from the automatic stay and for *in rem* relief under 11 U.S.C. § 362(d)(4), seeking to proceed with its foreclosure remedies as to the Property. *See* Appx. at 3–7. The Appellant objected, arguing principally that U.S. Bank had not established that it was a party in interest with enforceable rights in the note and mortgage and that questions of standing and chain of title remained unresolved.[4] The Bankruptcy Court heard oral argument on the motion and ultimately granted U.S. Bank relief from the automatic stay and *in rem* relief. *See* Appx. 64–65. Appellant herein appeals that decision.

**Standard of Review**

On appeal, the Court ordinarily "review[s] the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018).

---

[4] Inexplicably, neither party included this opposition in the record appendix. The Court nonetheless takes judicial notice of the fact that these arguments were raised in Appellant's opposition to the Motion for Relief. *See* Bankruptcy Petition #25-50760, doc. 24.

Because a bankruptcy court's decision to grant relief from the automatic stay, and to enter *in rem* relief under § 362(d)(4), is guided by equitable principles, it is reviewed for abuse of discretion. *See In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 138 (2d Cir. 1998). This standard of review is a "deferential" one. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 263 (2d Cir. 2016). An abuse of discretion "occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions." *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (alterations omitted; citations omitted; internal quotation marks omitted).

Finally, when considering these appeals, the Court is mindful that submissions by *pro se* litigants, such as the Appellant, are "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted; internal quotation marks omitted).

**Discussion**

Appellant, through his four questions presented on appeal, essentially raises two challenges to the Bankruptcy Court's order: (1) whether the court properly established U.S. Bank's standing as a party with enforceable rights in the note and mortgage, and (2) whether there was sufficient basis for the court to conclude that the "petition was part of a scheme to delay, hinder, or defraud creditors" as to permit relief under 11 U.S.C. § 362(d)(4). Appellant principally argues that

reliance on "past litigation history" is insufficient as to both issues. The Court disagrees and addresses each in turn.

*U.S. Bank's Standing*

Appellant argues that, because he disputed U.S. Bank's present entitlement to enforce the debt in his opposition to the motion for relief, the Bankruptcy Court was obligated to affirmatively establish the bank's standing before granting relief. Relying on *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26 (1st Cir. 1994), he contends that this obligation "cannot be . . . bypassed through reference to litigation history alone." Appellant Br. at 7. Appellant's reliance is misplaced. Even assuming the applicability of the *Grella* rule,[5] *Grella* is inapposite. In *Grella,* the First Circuit held that "a hearing on a motion for relief from stay is merely a summary proceeding of limited [preclusive] effect" because "the only issue properly before the court, and thus the only one actually adjudicated, is whether the stay should be lifted because a creditor has shown a *colorable* claim." *Grella*, 42 F.3d at 33, 35 (emphasis added). *Grella* says nothing about relying on prior litigation and a prior adjudication of the central issue to establish the colorable nature of creditor's claim when seeking relief from an automatic stay. Such is the case here; U.S. Bank relied on a prior adjudication to establish its entitlement to relief from the automatic stay.

Under these circumstances, collateral estoppel, also known as issue preclusion, applied. *See Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) ("It is well settled that preclusion principles apply in bankruptcy proceedings."). A "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

> For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision

[5] It is not clear that the Second Circuit has adopted, or had cause to opine on, the rule adopted by the First Circuit in *Grella*.

> must have been necessary to the judgment. An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered.

*Lyon v. Jones*, 968 A.2d 416, 429 (Conn. 2009) (internal quotation marks and citations omitted).

Appellant does not dispute, nor could he, that a judgment of strict foreclosure entered against him in the Superior Court. He does not contend, nor could he, that the entitlement of U.S. Bank's predecessor at interest was actually litigated and necessarily determined in the foreclosure action. He also does not dispute, nor could he, that U.S. Bank's present entitlement was actually litigated and necessarily determined when it was substituted as Plaintiff in the foreclosure action. Rather, he argues that the Bankruptcy Court should have taken up anew his objections to U.S. Bank's chain of title, dating back to the inception of the state foreclosure action. This is simply not the case. Indeed, collateral estoppel precluded the Bankruptcy Court from doing so. Thus, it is axiomatic that the Bankruptcy Court did not abuse its discretion by relying upon the prior adjudication in recognizing U.S. Bank's standing.[6]

*Relief from Stay*

Section 362(d)(4) allows *in rem* relief for "a creditor whose claim is secured by an interest in [the] real property, if the court finds that the filing of the petition was part of a scheme to delay,

---

[6] Although U.S. Bank argues that, consistent with the *Rooker-Feldman* Doctrine, the Bankruptcy Court lacked jurisdiction to hear the question of the bank's standing, that doctrine is inapplicable here. *Rooker-Feldman* applies in the limited circumstances where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). In other words, the doctrine "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 644 n.3 (2002). Here, Appellant did not seek the equivalent of appellate review in the Bankruptcy Court, but rather commenced a parallel proceeding concerning some of the same issues, issues which he then sought to relitigate. Under these circumstances, principles of ordinary preclusion applied. *See Exxon Mobil*, 544 U.S. at 292–93.

hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."

Appellant argues that the record does not support granting *in rem* relief under 11 U.S.C. § 362(d)(4) because there was "no developed evidentiary showing of a statutory scheme." Appellant Br. at 8. The Court construes this assertion to argue that there was insufficient evidence of a scheme to delay, hinder or defraud creditors as required under the statute. He argues that repeated bankruptcy filings alone are inadequate to support such a finding. The Court disagrees with the premise that this was the sole basis for the bankruptcy court's decision, but also with the legal proposition itself.

Prior to a December 2010 amendment to Section 362(d)(4), the statute provided that relief was available when "the petition was part of a scheme to delay, hinder, *and* defraud creditors" (emphasis added), but it was changed to the disjunctive "or" in the Bankruptcy Technical Corrections Act of 2010, Dec. 22, 2010, P. L. 111-327, § 2(a)(12)(C), 124 Stat. 3558. Thus, while courts previously varied on whether a bankruptcy court could infer an intent to hinder, delay *and* defraud from repeated filings alone, *see In re Montalvo,* 416 B.R. 381, 38–87 (Bankr. E.D.N.Y. 2009)(collecting cases), in cases since the 2010 Amendment, courts have repeatedly stated that "bankruptcy courts may infer" the requisite intent "from the fact of serial filings alone." *See, e.g.*, *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Appellant argues, without supporting legal authority, that "[m]ultiple filings alone do not automatically establish entitlement to § 362(d)(4) relief." Appellant Br. at 8. While it may be true that multiple filings do not *automatically* establish entitlement to § 362(d)(4) relief, it is also true

that multiple filings can be sufficient to establish the requisite scheme to delay or hinder creditors, *In re Procel*, 467 B.R. at 308.

The Court can infer that a debtor engaged in a scheme to hinder or delay creditors when it finds that the debtor acted with intent to hinder or delay creditors. *See In re Kearns*, 616 B.R. 458, 467 (Bankr. W.D.N.Y. 2020) ("a debtor need not admit to having engaged in a scheme to hinder or delay creditors—the Court can draw an inference of a debtor's intent to hinder or delay"). Thus, the first inquiry on appeal is whether the Bankruptcy Court's factual finding as to Appellant's intent to delay or hinder creditors was clearly erroneous.[7] *See In re Procell*, 467 B.R. 308 (reviewing a grant of *in rem* relief for clear error). A district court may find a bankruptcy court determination to be "clearly erroneous" when, considering the record as a whole, the court "is left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

It was not clearly erroneous for the bankruptcy judge to conclude that Appellant filed the petition with the intent to delay, hinder, or defraud creditors. The bankruptcy judge noted that the state foreclosure action had already been stayed twice by bankruptcy filings prior to the instant petition (in 2010 and 2017); that Appellant had not made a payment on the note since 2009, and that Appellant did not have any equity in the Property. The Court further observes that the 2017 bankruptcy filing was made mere days before the scheduled law day which was set for July 25, 2017. Moreover, the foreclosure docket reflects that Borrowers (to include Appellant) filed six

---

[7] There may be circumstances where an appeal from a bankruptcy court order raises mixed questions of law and fact, which in turn would dictate the level of deference if any, to be afforded the bankruptcy court decision. *See, e.g. U.S. Bank N.A. v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 396 (2018) ("[T]he standard of review for a mixed question all depends—on whether answering it entails primarily legal or factual work."). Here, at issue is the bankruptcy court's factual determination as to the existence of a scheme. As discussed above, Appellant identifies no error of law which would require *de novo* review.

appeals to the Connecticut Appellate Court between the 2017 judgment of strict foreclosure and the instant bankruptcy filing. Of those appeals, three (those commenced in 2019, 2022, and 2024) were dismissed for lack of an appealable final judgment, one (commenced in 2020) affirmed the judgment of the trial court, and two (those commenced in 2023 and 2025) were dismissed as frivolous. Of particular note, the frivolous 2023 and 2025 appeals were also both filed mere days before the scheduled law days. Reviewing the repeated bankruptcy filings in the context of the entire foreclosure litigation, which was before the Bankruptcy Court, the Court cannot conclude that a mistake was committed when the Bankruptcy Court found that the petition was part of a scheme to hinder or delay the creditor. Indeed, any contrary conclusion is all but precluded on the present record.

To the extent that Appellant argues that there was no evidence of fraud, no such evidence is required for the Bankruptcy Court to grant *in rem* relief. *See In re Merlo*, 646 B.R. 389, 396 (Bankr. E.D.N.Y. 2022) ("creditors need not establish that the conduct evidences a scheme to defraud the creditor"). Thus, the Bankruptcy Court's decision does not rest on an error of law or clearly erroneous factual finding. Neither does it fall outside the range of permissible decisions after considering the law and facts as relevant to the motion for *in rem* relief. Therefore, the Bankruptcy Court's order granting *in rem* relief was not an abuse of discretion.

**Conclusion**

For all of the foregoing reasons, the order of the Bankruptcy Court is AFFIRMED.

**SO ORDERED** this 10th day of November 2026 at Bridgeport, Connecticut.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE